MR. RICHARD FLINTROP, Executive Director Wisconsin Council onCriminal Justice
You have asked for an opinion from this office on two questions relating to federal Justice Assistance Act of 1984 (JAA) funds:[1]
 1. Is the Fox Valley Technical Institute a "unit of local government" as defined by paragraph 33.11 of JAA's implementing rules and regulations?
 2. Is it proper to utilize JAA funds specifically designed for use by local units of government for "local projects and activities," to support statewide crime prevention activities?
In my opinion, the Fox Valley Technical Institute is not a "unit of local government" as that term is intended to be interpreted under the JAA. I also do not believe JAA funds specified for use by local units of government for local projects can be used to support statewide crime prevention activities.
The JAA establishes within the Office of Justice Programs, United States Department of Justice, a bureau of justice assistance and authorizes the bureau to award block grants to states to assist in providing programs to improve their criminal justice systems. Units of local government are eligible to apply for and receive subgrants from the participating states.28 C.F.R. § 33.11 of the JAA rules and regulations provides that a unit of local government means "any city, county, township, borough, parish, village, or other general purpose political subdivision of a state and includes Indian tribes which perform law enforcement functions as determined by the Secretary of the Interior" (emphasis added). *Page 266 
The Fox Valley Technical Institute (FVTI) is a regional vocational education and training school which operates under the State of Wisconsin Vocational, Technical and Adult Education Board (VTAEB). The VTAEB is responsible for initiating, developing, maintaining and supervising programs with "specific occupational orientations below the baccalaureate level, including terminal associate degrees, training of apprentices and adult education below the professional level." Sec. 38.001, Stats. Section 38.02 provides:
 Establishment. There is established under this chapter a system of vocational, technical and adult education to foster and maintain instruction in courses approved by the board in part-time and full-time day or evening classes. Every person at least the age specified in s. 118.15 (1)(b) who can profit thereby is eligible to receive instruction under this chapter and rules established by the board.
The purpose of the state VTAE system is to provide instructional services. To this end it may levy taxes. Sec. 38.16, Stats.
Under the framework of government organization in Wisconsin, school districts and VTAE districts are considered to be units of government. School districts and VTAE districts are, however, considered to be "special" units of government as opposed to "general purpose units," which are counties, towns, cities and villages. See Donoghue, Local Government in Wisconsin, 12 (1979) (reprinted from The Wisconsin Blue Book 1979-80 at 110).
The purpose of JAA funds is to assist states' efforts in the area of its criminal justice functions. 42 U.S.C. § 3743. The funding system is designed with a pass-through provision which requires a state to make available to local units of government a portion of the federal monies it receives equal to the local government share of total state and local criminal justice expenditures. Sec. 407 (6) of the Act. 42 U.S.C. § 3747 (b)(1). For example, if local units of government in a state contribute seventy percent of all money spent in that state for such activities as law enforcement, courts, prosecutorial and defender services, corrections and other criminal justice functions, then the local units are eligible for seventy percent of the federal monies which are given to that state.
"Specialized" units of government do not contribute to criminal justice expenditures, and thus are not intended to be beneficiaries of these funds. A county or city could, however, apply for such funds *Page 267 
and then grant them to a school or vocational district in order to provide a program which fits within those described under the federal statute. 42 U.S.C. § 3743.
Your second question asks whether it is proper to utilize JAA funds specifically designed for use by local units of government for "local projects and activities" to support statewide crime prevention activities.
The materials accompanying your request for an opinion indicate that this issue arose as the result of a FVTI application requesting funding for the development of a statewide technical assistance, training and public education/information service delivery system. As your letter to Mr. Charles Lauer, General Counsel for the federal Office of Justice Programs points out, this program "could be construed to be a long-term, multi-functional and potentially permanent statewide activity." Your letter further points out that your agency anticipates that a number of individual communities would participate in such a program. In fact, the program is specifically designed for use by communities statewide.
The Juvenile Justice and Delinquency Prevention Act of 1974 (JJDPA) has a pass-through provision similar to that found in the JAA. The JJDPA requires that at least two-thirds of JJDPA funds received by a state shall be allocated to local agencies. The State of Wisconsin had used such funds to support two Wisconsin Council on Criminal Justice (WCCJ) outreach centers. The funding for these centers was included in calculating the amount allocated for the required local share. However, these monies were not used for local programs, but were used by the centers for staff and administrative costs to perform activities such as assisting local representatives with the grant process and providing information about federal requirements.
The Legislative Audit Bureau in its Report NO. 85-33 concluded that these two outreach centers operated as WCCJ regional offices and therefore the funds used to operate them should not be included as part of local share monies, but instead should be included as part of the state share. The program contemplated by the FVTI application would similarly provide services with a statewide impact.
The purpose of section 407 (6) of the JAA, which requires that funds granted to the state are to be further subgranted to local units *Page 268 
of government in proportion to the local government share of total state and local criminal justice expenditures, appears to be designed to assist local units of government with their criminal justice programs. It is my opinion that funding for activities which have a statewide impact should come from the share of money the state agency administering the funds is allowed to retain. 42 U.S.C. § 3747 (b)(3)
BCL:JSM
[1] 42 U.S.C. § 3701, et. seq., amended (Pub.L. No. 90-351, as amended by Pub.L. No. 93-83, Pub.L. No. 93-415, Pub.L. No. 94-130, Pub.L. No. 94-503, Pub.L. No. 95-115, Pub.L. No.96-157 and Pub.L. No. 98-473). *Page 269